**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED ENERGY PLUS TERMINALS, LLC,**<br>Plaintiff,<br>*v.*<br>**DEEP SERVICES INC.,**<br>Defendant. | **CIVIL ACTION**<br>**NO. 20-4824-KSM** |

**MEMORANDUM**

**MARSTON, J.** **April 6, 2021**

Presently before the Court is Plaintiff's motion for default judgment in a straightforward breach of contract case, where Defendant allegedly never rendered payment for petroleum products that Plaintiff sold and delivered to it. For the reasons discussed below, we grant Plaintiff's motion for default judgment.

I.

Plaintiff United Energy Plus Terminals, LLC serviced and supplied Defendant Deep Services Inc. with oil.[1] (Doc. No. 1; Hr'g Tr. at 3:24–4:7.) On August 23, 2017, Manny Sahni, Vice President of Deep Services Inc., signed Plaintiff's New Rack Customer Application, which included a Credit Application and Authorization for Pre-Authorized (Debit) Payments, on behalf of Defendant. (Doc. No. 1, Ex. A.) The Credit Application provides that "payment for all purchases are due and payable within 10 days after date of invoice" and "[a]ny amounts not paid

[1] In deciding this motion for default judgment, we accept as true the factual allegations (other than those as to damages) contained in the complaint. *See Serv. Emps. Int'l Union Local 32BJ Dist. 36 v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018).

when due will accrue interest at the prevailing prime rate plus two percent (2%) from the date due until paid in full." (*Id.* at p. 7.) Further, the Authorization allowed Plaintiff to "debit [Defendant's bank] account within ten (10) days or less of [Defendant] incurring an obligation to [Plaintiff]." (*Id.* at p. 10.) Subsequently, Plaintiff provided oil to Defendant on multiple occasions. (*See id.* at 5:3–12; Doc. No. 1, Ex. B.)

To date, Defendant has not paid Plaintiff for *any* of the services provided to it.[2] (Hr'g Tr. at 5:13–25.) Rather, Plaintiff continued to serve Defendant and extend the credit line, essentially allowing the debt to accumulate. (*Id.* at 5:21–25.) Plaintiff's counsel explained that "it was a continuing service until finally the client . . . realized they weren't getting paid, made a demand, and could not collect it." (*Id.* at 4:8–12.) Ultimately, Defendant received $387,305.31 worth of product from Plaintiff. (*See* Doc. No. 1, Ex. B at p. 36.)

On September 30, 2020, Plaintiff filed a complaint in this Court for breach of contract and quantum meruit. (Doc. No. 1 at pp. 1–3.) On October 16, 2020, the process server served the summons and complaint upon Skiti Singh, who identified himself as "Manager" for Defendant. (Doc. No. 2.) When Defendant failed to respond to the complaint within 21 days, Plaintiff moved for default (Doc. No. 3), which the Clerk of Court entered on November 13, 2020.

Plaintiff then moved for entry of default judgment, seeking the contract amount, interest at a rate of 6% per year, and court costs. (Doc. No. 4.) The Court scheduled a hearing on the motion for March 10, 2021, ordered Plaintiff to file a supplemental memorandum and affidavit,

[2] Plaintiff has provided two notices that it received from the bank in May 2019, both of which state that amounts that were deposited into Plaintiff's account from Defendant's account were "returned unpaid." (See Doc. No. 1 at pp. 26–30.) The notices included pictures of checks paid to the order of United Energy, from Hardev Petroleum Inc., both of which bear Deep Services and Manny Sahni's name in the memo line. (*Id.* at p. 27 (check for $49,000); *id.* at p. 30 (check for $25,000).)

and directed Plaintiff to serve Defendant with copies of the Order, Plaintiff's motion for default judgment, and Plaintiff's memorandum and affidavit. (Doc. No. 6.) Plaintiff has represented that it is not seeking attorneys' fees. (Hr'g Tr. at 3:11–14; Doc. No. 7 at p. 2.)

Plaintiff filed an Affidavit of Service, confirming that it served the required documents on Defendant by way of personal service, first-class and certified mail, and email. (Doc. Nos. 8–10; see also Hr'g Tr. at 2:9–18.) Defendant did not attend the hearing on March 10, 2021.

II.

"After a clerk enters default pursuant to Federal Rule of Civil Procedure 55(a) against a party that has 'failed to plead or otherwise defend' an action, the party may be subject to entry of a default judgment." *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 634 (quoting Fed. R. Civ. P. 55(a)). The clerk may enter default judgment in a plaintiff's favor if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

When the party files a motion to enter default judgment, the Court considers the three factors outlined by the Third Circuit in *Chamberlain v. Giampapa*: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d 154, 164 (3d Cir. 2000); *see also, e.g.*, *Spurio v. Choice Sec. Syst., Inc.*, 880 F. Supp. 402, 404 (E.D. Pa. 1995) (same). However before turning to the *Chamberlain* factors, the Court must first "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 635 (quotation marks omitted).

Here, Plaintiff has stated a claim for breach of contract. "It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Plaintiff submitted copies of the New Rack Customer Application packet, which included the Credit Application and Authorization for Pre-Authorized (Debit) Payments (Doc. No. 1 at pp. 5–10), and a statement of account (*id.* at p. 6). Together, these show that Plaintiff and Defendant entered into a long-term contract and Defendant received $387,305.34 in petroleum products pursuant to this contract. The Credit Application and Authorization were signed by Manny Sahni, the Vice President of Deep Services, on behalf of Defendant. (*Id.* at pp. 9–10.) According to the Credit Application, payment was due within 10 days after the date of the invoice (*id.* at p. 7), and the date of the first invoice appears to be May 8, 2019 (*see id.* at p. 33). Defendant is in breach of the agreement because to date, it has not paid any of the money owed for products that were delivered in the spring and summer of 2019. (Doc. No. 9 at p. 2 ¶¶ 9–10.) Because Plaintiff delivered the oil, it has suffered damages from Defendant's breach, the loss of $387,305.34.

Having found that Plaintiff states a legitimate cause of action for breach of contract, we turn to the *Chamberlain* factors and find that they weigh in favor of granting default judgment in this case. First, Plaintiff will be prejudiced if default judgment is denied because Plaintiff has not been paid the money it is owed. *See Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 637 ("First, Plaintiffs will certainly be prejudiced if default judgment is denied, as Plaintiffs have not yet received the withdrawal liability that they are owed."); *see also Heil Trailer v. XL Risk Consulting, Inc.*, Civil Action No. 20-2140, 2021 WL 1163737, at *2 (E.D. Pa. Mar. 26, 2021).

Second, Defendant does not appear to have a litigable defense. Plaintiff's facts establish a cause of action for breach of contract. Because Defendant has not filed an answer, there are no facts to suggest that Plaintiff is not entitled to the full price of the products it provided to Defendant. *See Heil Trailer*, 2021 WL 1163737, at *3; *cf. Stevens v. Wiggins*, Civ. A. No. 90-7038, 1991 WL 152960, at *2 (E.D. Pa. Aug. 6, 1991) ("A defendant establishes a meritorious defense when defendant's answer, if established at trial, would constitute a complete defense to the action." (quotation marks omitted)). In addition, the Court sees no issues on the face of the complaint with jurisdiction, venue, or the statute of limitations.

Third, the Court concludes that Defendant's delay is due to its own culpable conduct. Defendant was served with the complaint and summons as well as the motion for default judgment, but has knowingly decided not to enter an appearance or otherwise defend itself in this case. (*See* Hr'g Tr. at 4:18–21 (explaining that Defendant has never "returned a phone call, answered a letter" and when Plaintiff "had personal visits done to [Defendant's] place of business[,] [e]veryone says 'Yes, we know all about it'").) *See Kelly M. v. Luzerne Intermediate Unit*, 71 F. App'x 116, 118 (3d Cir. 2003) ("Jerrytone's conduct in failing to respond to the several personal notices he received from plaintiffs' counsel or to appear at several hearings was culpable."); *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 637 (explaining that "culpable conduct" refers to conduct "taken willfully or in bad faith," and finding that "Defendant's failure to respond to the complaint and failure to attend the hearing were both 'willful,' in the sense that Defendant accepted service of the complaint and the order setting the hearing and therefore was aware of the complaint and the hearing" but still failed to appear or otherwise respond to the complaint); *Heil Trailer*, 2021 WL 1163737, at *3; *cf. Spurio*, 880 F. Supp. at 405 (finding no culpable conduct where the record "contain[ed] no evidence that defendant's two-day delay was

intentionally dilatory or otherwise in bad faith").

"Having determined that Plaintiffs are entitled to entry of default judgment, the Court must calculate the proper amount of damages . . . ." *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 637. The Credit Application and statement of account together show that Plaintiff is entitled to the price of the cost of the petroleum products provided: $387,305.31. (*See* Doc. No. 1, Exs. A & B.) The Credit Application also shows that Plaintiff is entitled to its incurred costs of $480.00. (*See* Doc. No. 1 at p. 9 ("In the event a lawsuit or court action arises between the parties hereunder, the prevailing party shall be entitled to recover its costs."); Doc. No. 5 (Plaintiff's Bill of Cost for $480, submitted pursuant to 42 Pa. Cons. Stat. Ann. § 1726).)

As for interest, the Credit Application specifies that "any amounts not paid when due will accrue interest at the prevailing prime rate plus two percent (2%) from the date due until paid in full." (Doc. No. 1 at p. 7.) The Credit Application does not specify the exact percent of interest that will be owed. (*See id.*) In its motion, Plaintiff makes no mention of the prevailing prime rate. (*See generally* Doc. No. 7.) In addition, in its motion, Plaintiff has requested prejudgment interest in the amount of $33,934.32. (Doc. No. 7 at p. 2.) Plaintiff has not explained how it calculated this amount; rather, Plaintiff generally posits that this Court should apply the statutory rate of 6% interest per year on the total amount owed, $387,305.31, from May 28, 2019 through an unspecified date. (*See id.*)

"Under Pennsylvania law, the award of prejudgment interest in a contract action is not discretionary; it is a legal right to which a prevailing party is entitled." *ECEM Eur. Chem. Mktg. B.V. v. Purolite Co.*, 451 F. App'x 74, 79 (3d Cir. 2011); *see also Bodek & Rhodes, Inc. v. Bob Lanier Enters., Inc.*, Civil Action No. 15-3421, 2016 WL 398079, at *7 (E.D. Pa. Feb. 2, 2016). "Pennsylvania has adopted the Second Restatement of Contracts § 354 (1981), which provides:

(1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance in the amount due . . . (2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due." *ECEM Eur. Chem. Mktg., B.V.*, 451 F. App'x at 79 (quotation marks and citations omitted). "Where damages are known or ascertainable through mathematical calculations, prejudgment interest is limited to the statutory rate of 6% per annum." *Id.* (cleaned up); *see also Bodek & Rhodes, Inc.*, 2016 WL 398079, at *7.

Because Plaintiff has not explained *how* it calculated the amount of interest owed, the Court will deny its motion as to interest, without prejudice. To the extent Plaintiff refiles, Plaintiff shall include a declaration delineating exactly how the interest was calculated (e.g., the interest rate used; the exact number of days upon which interest has accrued, including the start and end dates; the amount of interest that accrues per day; etc.). To the extent Plaintiff uses the 6% statutory rate of interest, Plaintiff should explain why it chooses to deviate from the contractual language, which specifies the interest is the prevailing prime rate plus 2%. To the extent Plaintiff follows the contractual language and uses the prevailing prime rate, it should outline for the Court what the prevailing prime rate was during the relevant time period.

III.

Because Plaintiff has stated a legitimate cause of action for breach of contract, and the *Chamberlain* factors weigh in favor of granting default judgment, Plaintiff's motion is granted in part and judgment entered in favor of Plaintiff in the amount of $387,305.31, plus costs of $480.

An appropriate order follows.